```
FRED S. PARDES, ESQ., STATE BAR NO. 72188
LAW OFFICES OF FRED S. PARDES
A Professional Corporation
34211 Pacific Coast Highway, Suite 103
Dana Point, CA 92629
Telephone (949) 443-3400
email:  fred@fredpardes.com
paralegal@fredpardes.com
```

Attorney for Defendant, LODES CAPITAL ESCROW, INC. and NIKKI HALL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-LOS ANGELES

| | |
|---|---|
| Lillie Mae Washington,<br><br>    Plaintiff,<br>v.<br><br>AMERICAN HOME LOAN (CBSK FINANCIAL GROUP, INC. DBA) its successors and assignees, OCWEN FINANCIAL CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, Inc., DE HDL, Inc., Hisham Desouki, Christopher Cox, Jonathan Annett, LODES CAPITAL ESCROW, INC., Nikki Hall, FOX FIELDS FINANCIAL, INC., Christopher Fox, and DOES 1-10 inclusive,<br><br>    Defendants. | Case No.: CV09-8213-MRP<br><br>**ANSWER OF DEFENDANTS, LODES CAPITAL ESCROW, INC. AND NIKKI HALL** |

Defendants, LODES CAPITAL ESCROW, INC. and NIKKI HALL, for themselves alone, and for no other Defendants, admit, deny, and allege as follows:

**JURISDICTION AND VENUE**

1. These answering Defendants in response to the allegations stated in Paragraphs 1, 2, and 6 of the verified Complaint, deny both generally and specifically each and every allegation contained therein.

2. These answering Defendants lack sufficient information and belief to admit or deny the allegations stated in Paragraphs 3, 4, and 5 of the verified Complaint, and based upon such lack of said

information and belief, deny both generally and specifically each and every allegation contained therein

## PARTIES

3. These answering Defendants lack sufficient information and belief to admit or deny the allegations stated in Paragraphs 7, 8, 9, 10, 11, 12, 14, 15, 16, 17 of the verified Complaint, and based upon such lack of said information and belief, deny both generally and specifically each and every allegation contained therein.

4. These answering Defendants admit the statement in paragraph 13.

5. These answering Defendants in response to the allegations stated in Paragraphs 18 of the verified Complaint, deny both generally and specifically each and every allegation contained therein.

## GENERAL FACTUAL ALLEGATIONS

6. These answering Defendants lack sufficient information and belief to admit or deny the allegations stated in Paragraphs 20, 27, second #27, 28, 29, second #29, 30, 31, 32, 33 and 35 of the verified Complaint, and based upon such lack of said information and belief, deny both generally and specifically each and every allegation contained therein.

7. These answering Defendants in response to the allegations stated in Paragraphs 36, and 37 of the verified Complaint, deny both generally and specifically each and every allegation contained therein.

## FIRST CLAIM

8. Answering Plaintiff's paragraph 38, Defendants reallege answers to Paragraphs 1 through 37 as though fully set forth herein.

9. These answering Defendants lack sufficient information and belief to admit or deny the allegations stated in Paragraphs 39 through 48, of the verified Complaint, and based upon such lack of said information and belief, deny both generally and specifically each and every allegation contained therein.

## SECOND CLAIM

10. These answering Defendants in response to the allegations stated in Paragraph 49 of the verified Complaint, deny both generally and specifically each and every allegation contained therein.

## THIRD CLAIM

11. Answering Plaintiff's paragraphs 50, Defendants reallege answers to Paragraphs 1 through 49 as though fully set forth herein.

## FOURTH CLAIM

12. These answering Defendants in response to the allegations stated in Paragraphs 71 of the verified Complaint, deny both generally and specifically each and every allegation contained therein.

## FIFTH CLAIM

13. These answering Defendants in response to the allegations stated in Paragraphs 72 of the verified Complaint, deny both generally and specifically each and every allegation contained therein.

## SIXTH CLAIM

14. Answering Plaintiff's paragraph 73, Defendants reallege answers to Paragraphs 1 through 72 as though fully set forth herein.

15. These answering Defendants in response to the allegations stated in Paragraphs 74 through 75 and second #75 of the verified Complaint, deny both generally and specifically each and every allegation contained therein.

## FIRST SEPARATE AND AFFIRMATIVE DEFENSE

16. For a separate, distinct and affirmative defense, Defendants allege:

Plaintiff does not state facts sufficient to constitute a cause of action against Defendants as to each cause of action alleged therein.

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

17. For a separate, distinct and affirmative defense, Defendants allege:

Defendants are informed and believes, and based upon such information and belief, alleges that Plaintiff has been careless and negligent to, and about the material alleged in the Complaint, and that any loss or damage sustained by the Plaintiff was due to its own acts, omissions, carelessness, and negligence.

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

18. For a separate, distinct and affirmative defense, Defendants allege:

By the exercise of reasonable effort, Plaintiff could have mitigated the amount of damages it suffered, but Plaintiff failed and refused, and continues to fail and refuse, to exercise a reasonable effort to mitigate the damages.

**FOURTH SEPARATE AND AFFIRMATIVE DEFENSE**

19.   For a separate, distinct and affirmative defense, Defendants allege:

All Causes of Action in the Complaint are barred by the Statute of Limitations.

**FIFTH SEPARATE AND AFFIRMATIVE DEFENSE**

20.   For a separate, distinct and affirmative defense, Defendants allege:

Plaintiff has unclean hands.  As such, any request for equitable relief should be denied.

**SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

21.   For a separate, distinct and affirmative defense, Defendants allege:

At all relevant times, Plaintiff had full and complete knowledge of all actions taken by these Defendants.

**SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

22.   For a separate, distinct and affirmative defense, Defendants allege:

Plaintiff did not any suffer damages of any kind, as a result of the alleged misconduct of the Defendant.

**EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE**

23.   For a separate, distinct, and affirmative defense, Defendants allege:

Plaintiff is guilty of Laches.

**NINTH SEPARATE AND AFFIRMATIVE DEFENSE**

24.   For a separate, distinct and affirmative defense, Defendants allege:

That at no time did Defendants owe and/or breach any duty of any kind owed by it, if at all.

**TENTH SEPARATE AND AFFIRMATIVE DEFENSE**

25.   For a separate, distinct and affirmative defense, Defendants allege:

Defendants are informed and believes that Plaintiff did not give Defendants full credits and/or offsets to which it is entitled.

### ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

26. For a separate, distinct and affirmative defense, Defendants allege:

Plaintiff voluntarily entered into the agreement and is estopped to belatedly raising any objections as to its validity.

### TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

27. For a separate, distinct and affirmative defense, Defendants allege:

Plaintiff voluntarily entered into the agreement and assumed all risks involved therein.

### THIRTEENTH SEPARATE AND AFFIRMATION DEFENSE

28. For a separate, distinct and affirmative defense, Defendants allege:

Defendants did not a commit any type of wrongful act as to the Plaintiff; nor enter into any conspiracy with others to harm and/or injury the plaintiff.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

29. For a separate, distinct and affirmative defense, Defendants allege:

Defendants reserve the right to raise new and additional affirmative defenses, as new facts are raised and/or evaluated prior to trial.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

30. For a separate distinct and affirmative defense, Defendants allege:

Defendants reserve the right to file a Cross-Complaint as new facts are raised and/or evaluated prior to trial.

DATED: April __, 2010

LAW OFFICES OF FRED S. PARDES
A Professional Corporation

By:_____
FRED S. PARDES, Attorney for Defendant,
LODES CAPITAL ESCROW, INC. and
NIKKI HALL

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action; my business address is 34211 Pacific Coast Highway, Suite 103, Dana Point, California 92629.

On April __, 2010, I served the foregoing documents described as: **ANSWER OF LODES CAPITAL ESCROW, INC. AND NIKKI HALL** on the following person(s) in this action by placing **[X]** true copies thereof enclosed in sealed envelopes addressed as stated in the attached mailing list; **[ ]** the original thereof enclosed in sealed envelopes addressed as follows:

Lillie Mae Washington
2315 Hauser Boulevard
Los Angeles, CA 90016

Ocwen Loan Servicing, LLC
Houser & Allison, A Professional Corporation
3760 Kilroy Airport Way, Suite 260
Long Beach, CA 90806

MERS
Houser & Allison, A Professional Corporation
3760 Kilroy Airport Way
Suite 260
Long Beach, CA 90806

DE HDL, Inc.
Hisham Desouki
Christopher Cox
Jonathan Annett
24852 Vista Rancho
Laguna Niguel, CA 92677

Fox Fields Financial, Inc.
Christopher Fox
369 South Doheny Drive
Beverly Hills, CA 95211

**[XX ] US MAIL**

**[ X]**  I caused such envelope(s) to be deposited in the United States mail at Dana Point, California.  The envelope was mailed with postage thereon fully prepaid.

**[ ]**  I caused such envelope to be deposited for pick-up on ********** in the FEDERAL EXPRESS depository box located at 34080 Golden Lantern, Dana Point, California 92629, with delivery scheduled for the next business day.

**[X]**  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing and Federal Express delivery.  Under that practice it would be deposited with the U. S. postal service or the Federal Express Depository on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

---
ANSWER OF LODES CAPITAL ESCROW, INC. and NIKKI HALL. - PAGE 6

**[X]** (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**[ ]** (Federal)  I declare that I am employed in the office of a member of this court at whose direction the service was made.

Executed on April __, 2010, at Dana Point, California.

_____
Lisa Peter