ERIC D. HOUSER (SBN 130079)
BRENT A. KRAMER (SBN 256243)
HOUSER & ALLISON, A Professional Corporation
3760 Kilroy Airport Way, Suite 260
Long Beach, CA 90806
Telephone: (949) 679-1111
Facsimile: (949) 679-1112
Email:       bkramer@houser-law.com

Attorneys for Defendants, Ocwen Loan Servicing, LLC, erroneously sued as OCWEN FINANCIAL CORPORATION, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Lillie Mae Washington<br><br>          Plaintiff,<br><br>vs.<br><br>AMERICAN HOME LOAN (CBSK FINANCIAL GROUP, INC. DBA) its successors and assignees, OCWEN FINANCIAL CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, Inc., DE HDL Inc., Hisham Desouki, Christopher Cox, Jonathan Annett, LODES CAPITAL ESCROW Inc., Nikki Hall, FOX FIELDS FINANCIAL, INC., Christopher Fox, and DOES 1-10 inclusive,<br><br>          Defendants. | Case No.: 2:09-8213 SJO (RZx)<br><br>Honorable: S. James Otero<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Fed.R.Civ.P. 12(b)(6)]**<br><br>[Request for Judicial Notice filed concurrently herewith]<br><br>[Proposed Order lodged concurrently herewith]<br><br>DATE: July 26, 2010<br>TIME: 10:00 a.m.<br>DEPT: 1 |

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that on July 26, 2010, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Department 1 of the above-entitled Court, located at 312 N. Spring Street, Los Angeles CA, Defendants, Ocwen Loan Servicing, LLC, erroneously sued as OCWEN FINANCIAL CORPORATION ("Ocwen"), and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") (collectively "Defendants"), will and hereby do move the Court to dismiss the Complaint of Plaintiff LILLIE MAE WASHINGTON ("Plaintiff") with prejudice.

The Motion to Dismiss is made and based upon Federal Rule of Civil Procedure 12(b)(6), and on the grounds that the causes of action contained in Plaintiff's Complaint fail to state a claim upon which relief can be granted.  The Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, and upon all pleadings, papers, and documents on file herein, as well as any oral argument which may be presented at the time of the hearing or any matters of which judicial notice is requested and/or taken.

Pursuant to L.R. 7-3, a conference of counsel was not conducted because counsel for Defendants attempted to meet and confer by e-mail and telephone and did not receive any response thereto.

Dated: <u>June 17, 2010</u>

**HOUSER & ALLISON**
A Professional Corporation

<u>s/ Brent A. Kramer</u>
Brent A. Kramer
Attorneys for Defendants
Ocwen Loan Servicing, LLC, and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................1

II.   STATEMENT OF FACTS ...............................................................................1

III.   PLAINTIFF'S ENTIRE COMPLAINT FAILS TO SATISFY FED. R. CIV.
P. 8(A). ...................................................................................................................2

IV.   PLAINTIFF'S TILA CLAIM FAILS BECAUSE THE CLAIM IS TIME-
BARRED, BECAUSE THERE ARE NO FACTUAL ALLEGATIONS OF A
TILA VIOLATION AGAINST OCWEN OR MERS, AND BECAUSE
OCWEN IS EXEMPT FROM TILA. .....................................................................2

   A.  The TILA Claim Is Time-Barred. .................................................................2

   B.   There are No Allegations that Either Ocwen or MERS acted at   Loan ....
   Origination. ...........................................................................................................3

   C.   Loan servicers like Ocwen are exempt from TILA. .................................4

V.   PLAINTIFF RESPA CLAIM FAILS BECAUSE THE CLAIM IS TIME-
BARRED AND BECAUSE PLAINTIFF FAILS TO ALLEGE ACTUAL
DAMAGES ...........................................................................................................5

   A.  Plaintiff's RESPA Claim is Time-Barred. .................................................5

   B.   The RESPA Claim Fails Because Plaintiff Does Not Allege Actual ........5

VI.   PLAINTIFF'S RESCISSION OF CONTRACT CLAIM FAILS BECAUSE
THERE IS NO ALLEGED CONTRACT BETWEEN PLAINTIFF AND
EITHER OCWEN OR MERS, AND PLAINTIFF'S UNDERLYING TILA
CLAIM FAILS........................................................................................................6

VII.   PLAINTIFF'S PREDATORY LENDING CLAIM FAILS BECAUSE
PLAINTIFF DOES NOT ALLEGE A COVERED LOAN AND NEITHER
OCWEN NOR MERS IS ALLEGED TO HAVE ORIGINATED A
COVERED LOAN.................................................................................................6

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

A.  Plaintiff Fails to Allege Facts Showing She Obtained a Covered ...............6

B.  Cal. Fin. Code § 4973 Applies Only To A Person Who Originates..............8

VIII. PLAINTIFF'S DECLARATORY RELIEF CLAIM FAILS BECAUSE
PLAINTIFF ADMITS SHE BREACHED THE PROMISSORY NOTE AND
DEED OF TRUST. ..................................................................................8

IX.   PLAINTIFF'S INJUNCTIVE RELIEF CLAIM FAILS BECAUSE
INJUNCTIVE RELIEF IS NOT A SEPARATE CAUSE OF ACTION. ........9

X.    PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS BECAUSE
THERE ARE NO SPECIFIC ALLEGATIONS AGAINST OCWEN OR
MERS THAT THEY UNJUSTLY RECEIVED AND RETAINED
BENEFITS AS A RESULT OF MISTAKE, FRAUD, COERCION. .............9

XI.   PLAINTIFF'S CAL. BUS. & PROF. CODE §§ 17200 CLAIM FAILS
BECAUSE PLAINTIFF DOES NOT ALLEGE PERSONAL
PARTICIPATION BY OCWEN OR MERS, FAILS TO ALLEGE THE
CLAIM WITH PARTICULARITY, AND FAILS TO ALLEGE ONGOING
CONDUCT. ......................................................................................10

XII.  PLAINTIFF'S FRAUD CLAIM FAILS BECAUSE PLAINTIFF HAS NOT
ALLEGED THE CLAIM WITH SUFFICIENT PARTICULARITY. ..........11

XIII. PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM FAILS
BECAUSE PLAINTIFF HAS NOT ALLEGED ALL REQUIRED
ELEMENTS AND BECAUSE THE CLAIM HAS NOT BEEN ALLEGED
WITH SUFFICIENT PARTICULARITY. ...................................................12

XIV. PLAINTIFF'S CLRA CLAIM FAILS BECAUSE PLAINTIFF DOES NOT
ALLEGE A CLAIM AGAINST OCWEN OR MERS SPECIFICALLY,
AND BECAUSE THE STATUTE DOES NOT APPLY TO REAL
PROPERTY. ......................................................................................13

XV.  PLAINTIFF'S BREACH OF FIDUCIARY DUTIES CLAIM FAILS
BECAUSE NEITHER OCWEN NOR MERS IS A FIDUCIARY OF THE
BORROWER. ................................................................................................14

XVI. PLAINTIFF'S FINANCIAL ABUSE OF ELDERS CLAIM FAILS
BECAUSE NEITHER OCWEN NOR MERS IS ALLEGED TO HAVE
COMMITTED ANY WRONGDOING. ........................................................15

XVII.     CONCLUSION ..........................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Aguero* v. *Mortgageit, Inc.*, 2009 WL 2486311, at *3 (E.D.Cal. Aug. 12, 2009).....7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)...............................................2

*Bennett v. Suncloud*, 56 Cal. App. 4th 91 (1997) .......................................................10

*Decker v. Glenfed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994) .................................11

*Emery v. Visa International Service Association*, 95 Cal.App.4th 952, 960 (Cal. Ct.
   App. 2002) ....................................................................................................................10

*Fox v. Pollack*, 181 Cal.App.3d 954, 962 (Cal. Ct. App. 1986)............................12

*Gutierrez v. Ocwen Loan Servicing, LLC*, 2009 WL 426606, at *4 (E.D.Cal. Feb.
   20, 2009) ........................................................................................................................8

*Gwin v. Pacific Coast Financial Services*, 2010 WL 1691567, at *7 (S.D.Cal. Apr.
   23, 2010) ......................................................................................................................15

*Haskin v. R.J. Reynolds Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D.Fla.1998)...12

*Hughes v. Residential Mortg. Capital*, 2009 WL 5215748, at *5 (N.D.Cal. Dec. 29,
   2009) ..............................................................................................................................5

*Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J.2006).....5

*Irwin v. Dep't of Veterans Affairs* 498 U.S. 89, 96 (1990) ........................................3

*Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993) ................10

*King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986)..................................3

*Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996).............................................11

*Lectrodryer v. Seoul Bank* (2000) 77 Cal.App.4th 723, 726 ....................................9

*McElhany v. W.E. Moyer & Co.*, 101 Cal.App. 53, 57 (Cal. Ct. App. 1929)...........6

*Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) ......................3

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989)........11

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir.1989).........12

*Oaks Management Corp. v. Superior Court*, 145 Cal.App.4th 453, 466 (Cal. Ct. App. 2006) ...............................................................................14

*O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1068 (9th Cir. 2006) ..............................3

*Pierce v. Lyman*, 1 Cal.App.4th 1093, 1101 (Cal. Ct. App. 1991)........................14

*Price v. Wells Fargo Bank,* 213 Cal.App.3d 465, 476 (1989)................................14

*Rangel v. DHI Mortgage Co., Ltd.*, 2009 WL 2190210, at *3 (E.D.Cal. July 21, 2009) ...............................................................................14

*Roberts v. Lomanto*, 112 Cal.App.4th 1553, 1562 (Cal. Ct. App. 2003) ................14

*See Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1141 (C.D.Cal. 2003) ...............................................................................13

*Shamsian v. Atlantic Richfield Co.*, 107 Cal. App. 4th 967, 984-85 (2003) ...........9

*Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942)......................................9

*State of California ex rel. Van de Kamp v. Texaco, Inc.*, 46 Cal.3d 1147, 1169-1170 (1988)...............................................................................11

*Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir.2007) ...............................12

*Vega v. JPMorgan Chase Bank, N.A.*, 654 F.Supp.2d 1104, 113 (E.D.Cal. 2009)...5

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.2003)....................11

*Walters v. Fidelity Mortg. Of Cal.*, 2010 WL1493131 *12 (E.d.Cal., 2010)..........10

*Williams* v. *Gerber Products Co.*, 552 F2d 934, 938, (9th Cir. 2008) ...................14

*Yerington Ford, Inc. v. Gerard Motors Acceptance Corp.* 359 F.Supp.2d 1075, 1092 (D.Nev. 2004) ...............................................................................14

*Yerington Ford, Inc. v. Gerard Motors Acceptance Corp.*, 359 F.Supp.2d 1075, 1092 (D.Nev. 2004) ...............................................................................14

**Statutes**

12 *U.S.C.* § 2605(f)(1)(A)...............................................................................5

12 U.S.C. § 2614...............................................................................5

15 U.S.C. § 1640...............................................................................4

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1    15 U.S.C. § 1640 (e) ........................................................................3

2    15 U.S.C. § 1641 ..............................................................................4

3    15 U.S.C. § 1641(f) ..........................................................................4

4    Bus. & Prof. Code §§ 17200 ............................................................2

5    Cal Fin. Code, § 4973 ......................................................................7

6    Cal. Bus. & Prof. Code § 17200 ....................................................11

7    Cal. Bus. and Prof. Code § 17200 ............................................1, 11

8    Cal. Civ. Code 1770 .......................................................................13

9    *Cal. Fin. Code* § 4970(b) ..............................................................7

10   Cal. Fin. Code § 4973 ......................................................................8

11   Cal. Fin. Code § 4973(f)(1) .............................................................8

12   Cal. Fin. Code §4970(b)(1) ..............................................................6

13   Cal. Welf. & Inst.Code § 15610.30(a)(1)-(2) ...............................15

14   *Civil Code* § 1761(d) .....................................................................13

15   Fed. R. Civ. P. 8(a) ..........................................................................1

16   Fed.R.Civ.P. 9(b) ...........................................................................11

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff alleges a myriad of claims (thirteen in all) against Defendants, Ocwen and MERS.  However, Plaintiff's First Amended Complaint is beset by a number of problems, including basic pleading defects.  For instance, Plaintiff does not put any of the Defendants on proper notice of the claims against them, and therefore fails to meet the required pleading standards under Fed. R. Civ. P. 8(a), not does Plaintiff allege either fraud or negligent misrepresentation with the particularity required under Fed. R. Civ. P. 9(b).  Moreover, Plaintiff's statutory claims under TILA, RESPA, predatory lending, Cal. Bus. and Prof. Code § 17200, the Consumer Legal Remedies Act, and abuse of elders, all fail.  The bottom line is that Plaintiff's claims are all deficient as pled.  Thus, Plaintiff's FAC should be dismissed with prejudice.

## II.   STATEMENT OF FACTS

On October 20, 2006, Plaintiff Lillie Mae Washington ("Plaintiff") and Hobert Washington executed a Deed of Trust with respect to the property located at 2315, 2315 ¼, 2315 ½ Hauser Boulevard, Los Angeles, CA 90016 (the "Subject Property").  *See* **Exhibit 1** to the Request for Judicial Notice ("RJN").  The Deed of Trust was security for a loan in the amount of $335,000.00 from lender, CBSK Financial Group Inc., dba American Home Loans.  *See* **Exhibit 1** to the RJN.

On November 13, 2009, Plaintiff filed a Complaint alleging six causes of action for (1) violation of Truth in Lending Act, (2) violation of the Real Estate Settlement Procedures Act, (3) change of venue for state law causes of action, (4) violation of California Civil Code section 2923.6, (5) violations of Securities and Exchange Commission Rules and Regulations and US Securities Laws, and (6) violation of California Rosenthal Act.

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1

On May 24, 2010, Plaintiff filed a First Amended Complaint ("FAC"), alleging claims for (1) violation of TILA; (2) violation of RESPA; (3) Rescission of Contract; (4) Predatory Lending; (5) Declaratory Relief; (6) Injunctive Relief; (7) Unjust Enrichment; (8) Unfair Competition Under Bus. & Prof. Code §§ 17200 et seq.; (9) Fraud; (10) Negligent Misrepresentation; (11) Violation of the Consumer Legal Remedies Act; (12) Breach of Fiduciary Duties; and (13) Financial Abuse of Elders.

## III.   PLAINTIFF'S ENTIRE COMPLAINT FAILS TO SATISFY FED. R. CIV. P. 8(A).

Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to give the defendant fair notice of what the claim is and the grounds on which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff's FAC fails to differentiate between each defendant in her claims, and alleges claims against "Defendants." Accordingly, Plaintiff does not give fair notice of what the claim is against each defendant and therefore Plaintiff's entire Complaint should be dismissed.

## IV.   PLAINTIFF'S TILA CLAIM FAILS BECAUSE THE CLAIM IS TIME-BARRED, BECAUSE THERE ARE NO FACTUAL ALLEGATIONS OF A TILA VIOLATION AGAINST OCWEN OR MERS, AND BECAUSE OCWEN IS EXEMPT FROM TILA.

Plaintiff's first claim is for violation of the Truth in Lending Act ("TILA"). *See* FAC, ¶¶ 38-43. However, this claim fails because (a) the TILA claim is time-barred, (b) there are no factual allegations tying Ocwen or MERS to purported TILA disclosure violations, and (c) Ocwen is exempt from TILA.

### A.   The TILA Claim Is Time-Barred.

Plaintiff's TILA claim is for damages based on alleged improprieties in connection with the TILA disclosures. *See* FAC, ¶¶ 39-43. However, Plaintiff's

damage claims relating to improper disclosures are subject to a one-year statute of limitations, 15 U.S.C. § 1640 (e), which runs from the time the loan transaction is consummated. *See King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986); *see also Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (failure to make the required disclosures under TILA occurs at the time the loan documents were signed).)

Plaintiff alleges, and Plaintiff's Deed of Trust indicates, that she executed closing documents for her loan in October, 2006. *See* FAC, ¶ 23. Plaintiff, however, did not file this lawsuit until November 13, 2009, more than one year after the loan documents were signed. Plaintiff's request for monetary damages under TILA is therefore time-barred.

Plaintiff cannot avail herself of equitable tolling to avoid the one-year limitations period under TILA. Under California law, "[e]quitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1068 (9th Cir. 2006) (quoting *Irwin v. Dep't of Veterans Affairs* 498 U.S. 89, 96 (1990)).

Plaintiff's FAC does not allege *any facts* demonstrating entitlement to equitable tolling. Plaintiff merely alleges the "hidden nature of this violation" without more. FAC, ¶ 40. Accordingly, Plaintiff's TILA damages claim fails and should be dismissed with prejudice.

**B.**     **There are No Allegations that Either Ocwen or MERS acted at Loan Origination.**

Plaintiff's TILA claim concerns the purported failure to provide disclosures at loan origination. *See* FAC, ¶¶ 38-43. However, neither Ocwen nor MERS is alleged to have had any connection with the origination of the loan, and therefore

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

3

there are no factual allegations specifically relating to conduct by either Ocwen or MERS that may be deemed a violation of TILA.  Thus, Plaintiff's TILA claim fails and should be dismissed with prejudice.

### C.   Loan servicers like Ocwen are exempt from TILA.

The only parties who can be liable for TILA violations are the original creditor, 15 U.S.C. § 1640, and assignees of that creditor, 15 U.S.C. § 1641.  TILA specifically exempts loan servicers (like Ocwen) from its provisions:

> (1)  A servicer of a consumer obligation arising from a consumer credit transaction **shall not be treated as an assignee** of such obligation for purposes of this section **unless the servicer is or was the owner of the obligation**.

> (2)  A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or  another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation." (Emphasis Added.)

15 U.S.C. § 1641(f).

Ocwen is merely the loan servicer for Plaintiff's loan.  Plaintiff has not, and cannot, allege that Ocwen is or was the owner of the loan at any time.  Thus, Ocwen is not subject to liability under TILA as a matter of law and insofar as it is based on TILA, Plaintiff's first claim fails as to Ocwen and should be dismissed with prejudice.

///

///

///

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**
4

## V.   PLAINTIFF RESPA CLAIM FAILS BECAUSE THE CLAIM IS TIME-BARRED AND BECAUSE PLAINTIFF FAILS TO ALLEGE ACTUAL DAMAGES

Plaintiff's second claim is for violation of RESPA.  *See* FAC, ¶¶ 44-47. However, Plaintiff's claim fails because (a) it is time-barred, and (b) Plaintiff fails to allege actual damages.

### A.   Plaintiff's RESPA Claim is Time-Barred.

First, Plaintiff's RESPA claim fails because it is time-barred by a one-year statute of limitations.  12 U.S.C. § 2614.  *See Hughes v. Residential Mortg. Capital*, 2009 WL 5215748, at *5 (N.D.Cal. Dec. 29, 2009).  Plaintiff executed the loan documents on or around October 20, 2006, more than one year before filing suit on November 13, 2009.  Additionally, as stated above, Plaintiff fails to plead any basis for equitable tolling.  *See* FAC, ¶¶ 44-47.  Accordingly, Plaintiff's RESPA claim is time-barred and should be dismissed with prejudice.

### B.   The RESPA Claim Fails Because Plaintiff Does Not Allege Actual Damages.

Under RESPA, a Plaintiff must allege actual damages by the alleged RESPA violation.  *See* 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be liable to the borrower ... [for] any actual damages to the borrower as a result of the failure ....")  "[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages."  *Vega v. JPMorgan Chase Bank, N.A.,* 654 F.Supp.2d 1104, 113 (E.D.Cal. 2009) (quoting *Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J.2006).  Plaintiff has not alleged actual damages.  *See* FAC, ¶¶ 44-47.  Accordingly, Plaintiff's RESPA claim fails and should be dismissed with prejudice.

///

///

## VI. **PLAINTIFF'S RESCISSION OF CONTRACT CLAIM FAILS BECAUSE THERE IS NO ALLEGED CONTRACT BETWEEN PLAINTIFF AND EITHER OCWEN OR MERS, AND PLAINTIFF'S UNDERLYING TILA CLAIM FAILS.**

Plaintiff's third claim is for rescission of contract. *See* FAC ¶¶ 48-51. However, there is no contract alleged to have existed between either Ocwen or MERS. *See* FAC ¶¶ 48-51. "An action for rescission must of necessity rest upon the existence of a contract to be rescinded." *McElhany v. W.E. Moyer & Co.*, 101 Cal.App. 53, 57 (Cal. Ct. App. 1929). Moreover, Plaintiff bases her rescission claim on purported violations of TILA. For the reasons stated in Section IV, *supra*, Plaintiff's TILA claim fails as to Ocwen and MERS. Accordingly, Plaintiff's third claim fails and should be dismissed with prejudice.

## VII. **PLAINTIFF'S PREDATORY LENDING CLAIM FAILS BECAUSE PLAINTIFF DOES NOT ALLEGE A COVERED LOAN AND NEITHER OCWEN NOR MERS IS ALLEGED TO HAVE ORIGINATED A COVERED LOAN.**

Plaintiff's fourth claim is for predatory lending. *See* FAC ¶¶ 52-55. However, Plaintiff's claim fails because there are no allegations that she obtained a covered loan, or that any of the defendants originated a covered loan. Accordingly, Plaintiff's fourth claim fails and should be dismissed with prejudice.

### A. **Plaintiff Fails to Allege Facts Showing She Obtained a Covered Loan.**

California's predatory lending law only prohibits certain acts in relation to "covered loans." The term "covered loan" is defined under Cal. Fin. Code §4970(b)(1) as follows:

> (b)"Covered loan" means a consumer loan in which the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association in the case of

a mortgage or deed of trust, **and where one of the following conditions are met**:

(1) For a mortgage or deed of trust, the annual percentage rate at consummation of the transaction will exceed by more than eight percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor.

(2) The total points and fees payable by the consumer at or before closing for a mortgage or deed of trust will exceed 6 percent of the total loan amount.

*Cal. Fin. Code* § 4970(b). (Emphasis added).

Plaintiff fails to allege (a) the most current conforming loan limit, (b) that the principal of her loan is within the conforming loan limits for a single family mortgage loan established by the Federal National Mortgage Association, (c) that the transaction exceeded the applicable interest rate by more than eight percentage points, or (d) the total points and fees payable by the consumer at or before closing exceeded 6 percent of the total loan amount. *See* FAC ¶¶ 52-55. Plaintiff does not even offer the interest rate or any specifics of the loan in question. Therefore, Plaintiff does not state facts sufficient to establish the threshold requirement for application of Cal Fin. Code, § 4973. *See Aguero* v. *Mortgageit, Inc.*, 2009 WL 2486311, at *3 (E.D.Cal. Aug. 12, 2009) (holding that failure to "allege either that the annual percentage rate at consummation of the transaction exceeded the Treasury securities rate by more than eight percentage points or that the total points and fees paid by the consumer at or before closing exceeded six percent of the total loan amount" warranted dismissal of predatory lending cause of action). Accordingly, because Plaintiff does not allege a covered loan, her fourth claim fails and should be dismissed with prejudice.

**B.  Cal. Fin. Code § 4973 Applies Only To A Person Who Originates Covered Loans.**

In addition, Cal. Fin. Code § 4973 applies only to "a person who originates covered loans."  Cal. Fin. Code § 4973(f)(1).  It is undisputed that neither Ocwen nor MERS was the originator of Plaintiff's loan.

In *Gutierrez v. Ocwen Loan Servicing, LLC*, 2009 WL 426606, at *4 (E.D.Cal. Feb. 20, 2009), plaintiff brought a predatory lending claim against Ocwen.  However, the Court dismissed the predatory lending claim, holding that there was no allegation that "Ocwen was involved with the transaction that forms the basis of his predatory lending claim."

The same rationale should apply here.   Neither Ocwen nor MERS is the loan originator, and was not involved with the transaction that forms the basis of Plaintiff's predatory lending claim.  The Deed of Trust attached to the FAC state that the lender is CBSK Financial Group, Inc. dba American Home Loans.  *See* **Exhibit A** to the FAC.  Ocwen cannot be liable for any violations of Section 4973 that may have been committed by the originating lender.  Accordingly, Plaintiff's fourth claim fails and should be dismissed with prejudice.

**VIII.  PLAINTIFF'S DECLARATORY RELIEF CLAIM FAILS BECAUSE PLAINTIFF ADMITS SHE BREACHED THE PROMISSORY NOTE AND DEED OF TRUST.**

Plaintiff's fifth claim is for declaratory relief.  *See* FAC, ¶¶ 56-57.  Plaintiff alleges that she "desires a judicial determination … that Plaintiff did not breach the terms of the Promissory Note and Deed of Trust."  *See* FAC, ¶ 57.  However, Plaintiff presents no allegations in her FAC which would permit the Court to reach a determination that she did not breach of the promissory note and deed of trust.  In fact, Plaintiff alleges that "[o]n or about October, 2009, Plaintiff could not continue to pay the overwhelmingly large payments each month and was forced to make her last monthly payment to date on the mortgage."  *See* FAC, ¶ 34.  Thus, there is no

1  basis for holding that Plaintiff did not breach the Promissory Note and Deed of
2  Trust.   Accordingly, Plaintiff's fifth claim fails and should be dismissed with
3  prejudice.

4
## IX.   **PLAINTIFF'S INJUNCTIVE RELIEF CLAIM FAILS BECAUSE**
5  **INJUNCTIVE RELIEF IS NOT A SEPARATE CAUSE OF ACTION.**

6         Plaintiff's sixth claim is for injunctive relief.  *See* FAC ¶¶ 58-60.  However,
7  Plaintiff's injunctive relief action is procedurally improper because neither
8  preliminary nor permanent injunctive relief, by itself, is a cause of action; a
9  substantive cause of action must exist before injunctive relief can be granted.  *Shell*
10 *Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (Cal. Ct. App. 1942); *see also*
11 *Shamsian v. Atlantic Richfield Co.*, 107 Cal. App. 4th 967, 984-85 (Cal. Ct. All.
12 2003).   Furthermore, for the reasons stated throughout this Motion, each of
13 Plaintiff's underlying claims which would support her claim for injunctive relief
14 fails.  Thus, Plaintiff's injunctive relief claim fails and should be dismissed with
15 prejudice.

16
## X.   **PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS BECAUSE**
17 **THERE ARE NO SPECIFIC ALLEGATIONS AGAINST OCWEN OR**
18 **MERS THAT THEY UNJUSTLY RECEIVED AND RETAINED**
**BENEFITS AS A RESULT OF MISTAKE, FRAUD, COERCION.**

19        Plaintiff's seventh claim is for unjust enrichment.  *See* FAC ¶¶ 61-65.
20 Plaintiff alleges that "Defendants acknowledged, accepted, and benefited from
21 Plaintiff's agreement to enter into the loan." FAC, ¶ 64.

22        As alleged, Plaintiff's claim does not provide either Ocwen or MERS with
23 adequate notice of Plaintiff's allegations.   To prove a claim for unjust
24 enrichment/restitution, Plaintiff must properly allege a receipt of a benefit by
25 Ocwen or MERS and unjust retention thereof at the expense of Plaintiff.
26 *Lectrodryer v. Seoul Bank*, 77 Cal.App.4th 723, 726 (2000).  Further, Plaintiff
27 must demonstrate that Ocwen or MERS received the benefit as a result of a
28

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**
9

1   mistake, fraud, or coercion.  *Walters v. Fidelity Mortg. of Cal.*, 2010 WL1493131,

2   at *12 (E.D.Cal. Apr. 14, 2010).

3        Here, Plaintiff has not alleged any facts demonstrating an unjust receipt and

4   retention of a benefit by Ocwen or MERS, or that Ocwen or MERS received the

5   benefit as a result of mistake, fraud or coercion.  Plaintiff merely lumped Ocwen

6   and MERS together with the remaining defendants and recited the elements of the

7   claim.  Plaintiff's allegations do not meet Plaintiff's pleading burden and do not

8   provide Ocwen and MERS with proper notice of Plaintiff's claim.   Therefore,

9   Plaintiff's claim fails and should be dismissed with prejudice.

10  ## XI.   PLAINTIFF'S CAL. BUS. & PROF. CODE §§ 17200 CLAIM FAILS BECAUSE PLAINTIFF DOES NOT ALLEGE PERSONAL PARTICIPATION BY OCWEN OR MERS, FAILS TO ALLEGE THE CLAIM WITH PARTICULARITY, AND FAILS TO ALLEGE ONGOING CONDUCT.

14       Plaintiff's eighth claim is for violation of Cal. Bus. & Prof. Code §§ 17200.

15  *See* FAC ¶¶ 66-71.  However, to state a valid claim, Ocwen and MERS' liability

16  must be based on allegations of its personal participation in the unlawful practices.

17  "The concept of vicarious liability has no application to actions brought under the

18  unfair business practices act."  *Emery v. Visa International Service Association*, 95

19  Cal.App.4th 952, 960 (Cal. Ct. App. 2002) ("A defendant's liability must be based

20  on his personal 'participation in the unlawful practices' and 'unbridled control'

21  over the practices that are found to violate section 17200.")

22       There are no specific factual allegations against Ocwen or MERS at all in

23  the Complaint, much less allegations of their personal participation in any unfair

24  or unlawful practices.  *See* FAC, 66-71.  "A plaintiff must state with reasonable

25  particularity the facts supporting the statutory elements of the violation [under §

26  17200]."  *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (Cal. Ct.

27  App. 1993).  *See Bennett v. Suncloud*, 56 Cal. App. 4th 91 (Cal. Ct. App. 1997)

28

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**
10

1    (dismissing unfair competition claim where not stated with specificity).

2        Last, Plaintiff only alleges past wrongful conduct. The statute applies to

3    ongoing conduct; it is not intended to remedy past wrongs. Business and

4    Professions Code section 17200 provides in relevant part that "unfair competition

5    shall mean and include unlawful, unfair or fraudulent business *practice* ...." *See*

6    Cal. Bus. and Prof. Code § 17200.  (Italics added.)  The Supreme Court has held

7    that "practice" requires, at a minimum, ongoing conduct.  *State of California ex*

8    *rel. Van de Kamp v. Texaco, Inc.*, 46 Cal.3d 1147, 1169-1170 (1988).  Relief

9    under section 17200 is unavailable to remedy past misconduct. *Id*. Accordingly,

10   Plaintiff's Cal. Bus. & Prof. Code § 17200 claim fails and should be dismissed

11   with prejudice.

12   **XII.**    **PLAINTIFF'S FRAUD CLAIM FAILS BECAUSE PLAINTIFF HAS**

13   **NOT ALLEGED THE CLAIM WITH SUFFICIENT**
     **PARTICULARITY.**

14

15       Plaintiff's ninth claim is for fraud.  *See* FAC ¶¶ 72-77.  The elements of

16   fraud  are  (a)  misrepresentation  (false  representation,  concealment,  or

17   nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to

18   induce  reliance;  (d)  justifiable  reliance;  and  (e)  resulting  damage.  *Lazar v.*
     *Superior Court*, 12 Cal.4th 631, 638 (1996).

19       In order to plead fraud with particularity, the complaint must allege the time,

20   place, and content of the fraudulent representation; conclusory allegations do not

21   suffice.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir.

22   1989).    Therefore, plaintiff "must state with particularity the circumstances

23   constituting fraud."  Fed.R.Civ.P. 9(b).  In other words, the plaintiff must include

24   "the who, what, when, where, and how" of the fraud.  *Vess v. Ciba-Geigy Corp.*

25   *USA*, 317 F.3d 1097, 1106 (9th Cir.2003).  "The plaintiff must set forth what is

26   false or misleading about a statement, and why it is false."  *Decker v. Glenfed, Inc.*,

27   42 F.3d 1541, 1548 (9th Cir. 1994).

28
     **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

"Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir.2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D.Fla.1998)). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Swartz*, 476 F.3d at 765 (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir.1989)).

Plaintiff fails to allege the who, what, when, where and how of the purported fraud. *See* FAC ¶¶ 72-77. Additionally, Plaintiff fails to set forth what is false or misleading about any of the statements, and why it is false. *See* FAC ¶¶ 72-77. Plaintiff also fails to differentiate between the different defendants, and instead lumps all defendants together. *See* FAC ¶¶ 72-77.

## XIII. **PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM FAILS BECAUSE PLAINTIFF HAS NOT ALLEGED ALL REQUIRED ELEMENTS AND BECAUSE THE CLAIM HAS NOT BEEN ALLEGED WITH SUFFICIENT PARTICULARITY.**

Plaintiff's tenth claim is for negligent misrepresentation. *See* FAC ¶¶ 78-82. Negligent misrepresentation is a form of deceit, the elements of which are (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce the plaintiff's reliance, (4) ignorance of the truth and justifiable reliance by the plaintiff, and (5) damages. *See Fox v. Pollack*, 181 Cal.App.3d 954, 962 (Cal. Ct. App. 1986).

Plaintiff's negligent misrepresentation claim fails to allege that any of the Defendants made any misrepresentation without reasonable grounds for believing it to be true. *See* FAC ¶¶ 78-82. Moreover, for the same reasons as Plaintiff's fraud claim fails for lack of particularity, Plaintiff's negligent misrepresentation

1   claim fails.  *See Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1141
2   (C.D.Cal. 2003).

3   **XIV.  PLAINTIFF'S CLRA CLAIM FAILS BECAUSE PLAINTIFF DOES
4   NOT ALLEGE A CLAIM AGAINST OCWEN OR MERS
5   SPECIFICALLY, AND BECAUSE THE STATUTE DOES NOT
    APPLY TO REAL PROPERTY.**

6       Plaintiff's eleventh claim is for violation of the Consumer Legal Remedies
7   Act (the "CLRA").  *See* FAC ¶¶ 83-91.  First, Plaintiff violates Rule 8(a) in that
8   she fails to put Ocwen or MERS on notice of her claim.  Plaintiff alleges that
9   "HOME LOAN" is a "person" within the meaning of the statute and "entered into
10  a 'transaction'" within the meaning of the statute.  *See* FAC ¶¶ 86-87.  However,
11  Plaintiff does not allege that either Ocwen or MERS is a "person" or entered into a
12  "transaction" within the meaning of the statute.  *See* FAC ¶¶ 83-91.  Thus, it is
13  unclear whether Ocwen or MERS is being held liable for a violation of the CLRA
14  in the first place.

15      Second, on its face, this statute applies to goods or services, and does not
16  apply to real property disputes.  *See* Cal. Civ. Code 1770.  There is no legal
17  authority for the proposition that foreclosure of real property is governed by
18  CLRA.  *Civil Code* § 1761(d) states that "consumer" means an individual who
19  seeks or acquires by purchase or lease goods or services for personal, family, or
20  household purposes. Section 1761(a) defines "goods" as "tangible chattels" and
21  subsection (b) defines services as labor or services in connection with sale or repair
22  of goods.  Here, it appears that the subject of this claim is the loan and a potential
23  loan modification.  The CLRA does not apply to real property, as it only applies to
24  personal property, labor, or services. For this reason, the CLRA is inapplicable to
25  the purported transaction at issue.

26      Third, even assuming that the CLRA applies, in order to state a claim for
27  violation of CLRA, Plaintiff must allege that the defendant's actions are likely to

28
    **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**
    13

1  deceive a reasonable consumer.  *See, Williams* v. *Gerber Products Co.,* 552 F2d

2  934, 938, (9th Cir. 2008).  Plaintiff fails to allege any facts suggesting that either

3  Ocwen or MERS' conduct is likely to deceive a reasonable consumer.  Thus,

4  Plaintiffs' allegations are insufficient to state a claim for violation of CLRA.

5  **XV.  PLAINTIFF'S BREACH OF FIDUCIARY DUTIES CLAIM FAILS**

6  **BECAUSE NEITHER OCWEN NOR MERS IS A FIDUCIARY OF**

7  **THE BORROWER.**

8  Plaintiff's twelfth claim is for breach of fiduciary duties.  *See* FAC ¶¶ 92-97.

9  The elements of a breach of fiduciary duty claim are (1) existence of a fiduciary

10 relationship; (2) breach of the fiduciary duty; and (3) damage proximately caused

11 by that breach.  *Roberts v. Lomanto*, 112 Cal.App.4th 1553, 1562 (Cal. Ct. App.

12 2003).  "The absence of any one of these elements is fatal to the cause of action."

*Pierce v. Lyman*, 1 Cal.App.4th 1093, 1101 (Cal. Ct. App. 1991).

13 Plaintiff's claim fails because neither Ocwen nor MERS has a fiduciary

14 relationship with Plaintiff, the borrower.  "Absent special circumstances, a loan

15 transaction is at arms-length and there is no fiduciary relationship between the

16 borrower and lender."  *Rangel v. DHI Mortgage Co., Ltd.*, 2009 WL 2190210, at

17 *3 (E.D.Cal. July 21, 2009) (quoting *Oaks Management Corp. v. Superior Court*,

18 145 Cal.App.4th 453, 466 (Cal. Ct. App. 2006)).

19 In *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (Cal. Ct. App.

20 1989), the court emphatically rejected the notion that lenders owe fiduciary duties

21 to a borrower.  Those principles have since been extended to the logical conclusion

22 that there is no fiduciary duty of a loan servicer to a borrower.  *See Yerington*

23 *Ford, Inc. v. Gerard Motors Acceptance Corp.* 359 F.Supp.2d 1075, 1092 (D.Nev.

24 2004).  Moreover, since the Lender did not owe Plaintiff a fiduciary duty, it

25 follows that MERS also not owe Plaintiff a fiduciary duty.  *Boles v. Merscorp, Inc.*

26 2009 WL 734133, at *5 (C.D.Cal. Mar. 18, 2009).

27 In this case, Defendants do not owe Plaintiff a fiduciary duty.  Ocwen is a

28

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

14

servicer and MERS is a nominee for the lender.  Ocwen's status as a loan servicer is dispositive—it owes no fiduciary duty to a borrower, and the *Boles* decision holds that there is no fiduciary duty from MERS to a borrower because there is no underlying duty from the lender to the borrower.  *See Boles*, 2009 WL 734133, at *5.  Accordingly, Plaintiff has not, and cannot, allege a breach of fiduciary duty claim against Defendants and this cause of action should be dismissed with prejudice.

## XVI. **PLAINTIFF'S FINANCIAL ABUSE OF ELDERS CLAIM FAILS BECAUSE NEITHER OCWEN NOR MERS IS ALLEGED TO HAVE COMMITTED ANY WRONGDOING.**

Plaintiff's thirteenth claim is for financial abuse of elders.  *See* FAC ¶¶ 98-100.  Financial abuse occurs when a person takes or appropriates, or assists in taking or appropriating, the property of an elder adult for a "wrongful use or with intent to defraud" or by the use of "undue influence."  Cal. Welf. & Inst.Code § 15610.30(a)(1)-(2).  However, Plaintiff has not and cannot allege that either Ocwen or MERS specifically committed any wrongdoing.  *See* FAC ¶¶ 98-100.  *See Gwin v. Pacific Coast Financial Services*, 2010 WL 1691567, at *7 (S.D.Cal. Apr. 23, 2010) (holding that failure to specify which defendant is being accused of violating the financial abuse of elders statute was grounds to dismiss the financial abuse of elders claim).

///

///

///

///

///

///

---

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

15

# XVII. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully requests that this Court enter an order dismissing Plaintiff's Complaint, in its entirety, for failing to state a claim upon which relief can be granted, and any further relief as this Court deems just and proper.

Dated: <u>June 17, 2010</u>

**HOUSER & ALLISON**
A Professional Corporation


<u>s/ Brent A. Kramer</u>
Brent A. Kramer
Attorneys for Defendants
Ocwen Loan Servicing, LLC,
erroneously sued as OCWEN
FINANCIAL CORPORATION, and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

## PROOF OF SERVICE

STATE OF CALIFORNIA            )
                               ) ss
COUNTY OF LOS ANGELES          )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3760 Kilroy Airport Way, Suite 260, Long Beach, California 90806.

On June 17, 2010, I served the following document(s): **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

On the following interested parties in this action described as follows:

Lillie Mae Washington
2315 Hauser Boulevard
Los Angeles, CA 90016

[ x ]   **VIA FIRST CLASS MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices.  I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Long Beach, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on <u>June 17, 2010</u>, in Long Beach, California.

<u>/s/ Brent Kramer</u>
Brent Kramer

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

17