UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| Lillie Mae Washington,<br><br>Plaintiff,<br><br>           vs.<br>AMERICAN HOME LOANS DIRECT, Inc., a Delaware Corporation dba DE HDL, Inc., its successors and assignees, OCWEN LOAN SERVICING, LLC, a Delaware Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, Inc., Hisham Desouki, Christopher Cox, Jonathan Annett, LODES CAPITAL ESCROW Inc., Nikki Hall, FOX FIELDS FINANCIAL, Inc. , Christopher Fox, WESTERN PROGRESSIVE, LLC and DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 2:09-8213 SJO (RZx)<br><br><br>Honorable S. James Otero<br><br>**JOINT STATUS REPORT**<br><br>Hearing:  July 27, 2010<br>Time:     9:00 A.M.<br>Dept.:    1 |

//
//
//

- 1 -
*Joint Status Report*

In anticipation of the Status Conference set for July 27, 2010, at 9:00 a.m., the parties through their respective counsel submit the following Joint Status Report to the Court:

**A.   COUNSEL FOR THE PARTIES**

Mitchell L. Abdallah, counsel for Plaintiff Lillie Mae Washington

Brent A. Kramer, counsel for Defendants Ocwen Financial Corp. & Mortgage Electronic Registration Systems, Inc.

Fred S. Pardes, counsel for Defendants Lodes Capital Escrow, Inc. & Nikki Hall

**B.   SUMMARY OF CLAIMS**

Lillie Mae Washington ("Plaintiff") alleges the following:

This action arises from Predatory lending practices that led to a threatened foreclosure of Plaintiff's home. Plaintiff is a 96 year old woman that has been living in her home for 36 years. Plaintiff was fraudulently induced to refinance her property to an adjustable rate mortgage.

In October 2006, the defendant American Home Loans' agent persuaded Plaintiff's now deceased son, Hobert Washington, to obtain a loan from American Home Loans. American Home Loans' agents made fraudulent misrepresentations to the Plaintiff regarding the loan terms. Plaintiff relied on these representations to her detriment. Defendant, American Home Loans, failed to provide documents to the Plaintiff which are required under the Truth in Lending Act "TILA," and Housing Urban Development Act "HUD."

In September 2009, Plaintiff contacted Defendant Ocwen for a loan modification. Plaintiff did not hear back from Defendant Ocwen even though she sent them a completed application. Around April 2010, Defendant Western Progressive sent Notices of Default in an aggressive and harassing manner.

Based on these allegations, Plaintiff filed suit for violation of the Truth in Lending Act, 15 United States Code Section 1601, *et seq.*; violation of the Real Estate Settlement Procedures Act, 12 United States Code Section 2601, *et seq.*; rescission of contract; predatory lending practices; unjust enrichment; violation of California Business and Professions Code Section 17200, *et seq.* ("UCL"); violation of California Civil Code §§ 1709, 1571 et. seq.; negligent misrepresentations; violation of Consumer Legal Remedies Act , California Civil Code  §§ 1770(5)(9)(16)(19); breach of fiduciary duties; and financial abuse of elders under California Welfare & Institutions Code § 15610.30.

Defendants,  Lodes Capital Escrow and Nikki Hall deny any allegations of wrongdoing.

**SERVICE OF PROCESS**

All parties have been served in this matter.  On 5/24/2010, the complaint was terminated as to Defendants American Home Loans, De Hdl Inc. and Christopher Fox.

**D.      JOINDER OF ADDITIONAL PARTIES**

The parties do not anticipate the joinder of additional parties at this time.

**E.      AMENDMENT OF PLEADINGS**

The parties do not anticipate adding or dismissing any parties, claims, or defenses or to otherwise amend the pleadings, but reserve the right to do so should additional facts become known during the discovery process.

Defendant Lodes Capital Escrow Inc. contends the complaint is defective due to its lack of specification of defendants as to each claim.

**F.     JURISDICTION AND VENUE**

Jurisdiction is proper in this Court because plaintiff's Complaint includes claims for Violation of the Truth in Lending Act, 15 United States Code Section 1601, *et seq.* and Violation of the Real Estate Settlement Procedures Act, 12 United States Code Section 2601, *et seq.*  All of plaintiff's claims arise from the same controversies and series of events.

Plaintiff contends venue is proper in this Court.  Defendants deny that venue is improper as to Defendant Lodes which has its sole office in Orange County.

**G.     ANTICIPATED MOTIONS**

Defendant Ocwen Financial Corp. and Mortage Electronic Registration Systems Inc have filed a motion to dismiss Plaintiff's First Amended Complaint that is currently pending with the Court.

Plaintiff has agreed to allow Defendant, Lodes Capital Escrow Inc. ("Lodes") & Nikki Hall, until July 21, 2010 to respond to Plaintiff's First Amended Complaint.  Defendant Lodes and Nikki Hall will join in the pending motion to dismiss.

The parties also anticipate that discovery motions and/or other motions including, but not limited to, motions in limine may be filed, depending upon how the case progresses.

**H.     ANTICIPATED DISCOVERY**

The parties believe that discovery should be deferred pending the pleadings challenges and until such time as the pleadings are set.  This approach will ensure that judicial resources and those

of the parties are not directed toward claims and issues that will not be part of the case going forward.

### I. PROPOSED DISCOVERY PLAN

(1) All parties agree that the exchange of Initial Disclosures should be deferred until 30 days after the last defendant files an answer or responsive pleading to the then-operative complaint.

(2) The parties do not believe that phased discovery is needed.

(3) The parties do not currently foresee any discovery issues or disputes that require the Court's involvement. Should any such issue arise, the parties agree to work together in good faith to resolve the issue but will promptly submit any such issue to the Court for resolution if required.

(4) All parties agree that the limitation on discovery set by the federal and local rules should govern unless a party makes a showing that additional discovery is required and obtains an order from the Court approving such discovery.

### J. SCHEDULING OF FURTHER PROCEEDINGS AND COMPLETION DATES

The parties believe that any discovery plan and other issues, including the Federal Rules of Civil Procedure 26(f) conference should be continued in this matter until pleadings are closed.

### K. APPROPRIATENESS OF SPECIAL PROCEDURES

No special procedures are contemplated at this time.

**L.     JURY TRIAL DEMAND**

Jury has been demanded.

**M.     ESTIMATE OF TRIAL TIME**

The parties estimate a 4-5 day jury trial.

**N.     PROPOSED MODIFICATION TO STANDARD PRETRIAL PROCEEDINGS**

The parties do not currently anticipate any need to modify the standard pretrial procedures.

**O.     RELATED CASES**

No related matters.

**P.     SETTLEMENT**

The parties are willing to participate in mediation, but believe that mediation will only be effective if it takes place after the pleadings are settled and discovery is underway.  The parties do not consent to the trial judge or magistrate judge acting as settlement judge at this time.

**Q.**     VOLUNTARY DISPUTE RESOLUTION PROGRAM.

The parties are willing to participate in mediation, but believe that mediation will only be effective if it takes place after the pleadings are settled and discovery is underway.

**R.     OTHER MATTERS THAT MAY BE CONDUCIVE TO THE JUST AND EXPEDITIOUS DISPOSITION OF THE MATTER**

The parties are not aware of any other matters that should be discussed at this time.

DATED: July 19, 2010.          ABDALLAH LAW GROUP

By    /s/ Mitchell L. Abdallah
    Mitchell L. Abdallah
    Attorney for Plaintiff
    Lillie Mae Washington

DATED: July 19, 2010.          Houser & Allison, A Professional Corporation

By    /s/ Brent A. Kramer
    Attorneys for Defendant
    Ocwen Financial Corp. & Mortgage Electronic
    Registration Systems, Inc.

DATED: July 19, 2010.          Law Offices of Fred S. Pardes

By    /s/ Fred S. Pardes
    Attorneys for Defendant
    Lodes Capital Escrow, Inc. & Nikki Hall