Mitchell L. Abdallah (SBN 231804
ABDALLAH LAW GROUP
555 Capitol Mall, Ste. 725
Sacramento, CA 95814
916-446-1974
Fax 916-446-3371

Attorneys for,
Lillie Mae Washington

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIE MAE WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>HOME LOANS DIRECT, INC., et al.,<br><br>Defendants. | Case No. 2:09-cv-08213-DMG -RZ<br><br>**JOINT STATUS REPORT**<br><br>JUDGE: Dolly M. Gee |

Plaintiff, Lillie Mae Washington, and Defendants, Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., and Western Progressive, LLC ("Defendants"), through their respective counsel, submit the following Supplemental Joint Status Report to the Court. This Joint Status Report does not change the input of any of the other co-defendants.

**A.   COUNSEL FOR THE PARTIES / STATUS OF PARTIES**

Plaintiff LILLIE MAE WASHINGTON is represented by Mitchell L. Abdallah with the Abdallah Law Group.

**1. Parties Who Have Been Served and Appeared**

Defendant JONATHAN ANNETT is represented by Shawn M. Olson with the Olson

Law Firm, 7372 Prince Drive, Suite 104, Huntington Beach, California.

Defendants LODES CAPITAL ESCROW, INC., HOME LOANS DIRECT, INC. and NIKKI HALL were represented by Fred S. Pardes with the Law Offices of Fred S. Pardes, 34211 Pacific Coast Highway, Suite 103, Dana Point, California. According to Mr. Pardes on 6/3/11 his clients have closed their doors and he will be filing a motion to withdraw from the case sometime next week.

Defendants OCWEN LOAN SERVICING, LLC, erroneously initially sued as Ocwen Financial Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and WESTERN PROGRESSIVE, LLC, are represented by Brent A. Kramer of the law firm of Houser & Allison, APC, 3760 Kilroy Airport Way, Suite 260, Long Beach, California.

**2. Parties Who Have Been Served and Not Yet Appeared**

All parties who have been served have responded.

**3. Parties Who Have Not Been Served**

Plaintiff has been unable to effect service of the Second Amended Complaint on defendant FOX FIELDS FINANCIAL. Plaintiff filed a Declaration of Due Diligence regarding this defendant on October 13, 2010.

Plaintiff has been unable to effect service of the Second Amended Complaint on defendant DENNIS WILLIAM COX. Plaintiff filed a Declaration of Non-Service regarding this defendant on October 13, 2010.

**4. Dismissed/Terminated Parties**

All remaining defendants have been dismissed, the complaint having been terminated against them (to wit: AMERICAN HOME LOANS dba CBSK FINANCIAL CORP.; DE HDL, INC.; CHRISTOPHER FOX; and HISHAM DESOUKI).

**B.   SUMMARY OF CLAIMS**

Lillie Mae Washington ("Plaintiff") alleges the following:

This action arises from predatory lending practices that led to a threatened foreclosure of Plaintiff's home. Plaintiff is a 96-year-old woman that has been living in her home for 36 years. Plaintiff was fraudulently induced to refinance her property to an adjustable rate mortgage.

In October 2006, ex-defendant AMERICAN HOME LOANS' agent persuaded Plaintiff's now deceased son, Hobert Washington, to obtain a loan from AMERICAN HOME LOANS. AMERICAN HOME LOANS' agents made fraudulent misrepresentations to the Plaintiff regarding the loan terms. Plaintiff relied on these representations to her detriment. AMERICAN HOME LOANS failed to provide documents to the Plaintiff which are required under the Truth in Lending Act "TILA," and Housing Urban Development Act "HUD."

In September 2009, Plaintiff contacted Defendant OCWEN for a loan modification. Plaintiff did not hear back from Defendant OCWEN even though she sent them a completed application. Around April 2010, Defendant WESTERN PROGRESSIVE sent Notices of Default in an aggressive and harassing manner.

Based on these allegations, Plaintiff filed suit for violation of the Truth in Lending Act, 15 United States Code Section 1601, *et seq.*; violation of the Real Estate Settlement Procedures Act, 12 United States Code Section 2601, *et seq.*; rescission of contract; predatory lending practices; unjust enrichment; violation of California Business and Professions Code Section 17200, *et seq.* ("UCL"); violation of California Civil Code §§ 1709, 1571 et. seq.; negligent misrepresentations; violation of Consumer Legal Remedies Act , California Civil Code §§ 1770(5)(9)(16)(19); breach of fiduciary duties; and financial abuse of elders under California Welfare & Institutions Code § 15610.30.

Defendants LODES CAPITAL ESCROW and NIKKI HALL deny any allegations of wrongdoing.

Defendants OCWEN LOAN SERVICING, LLC, erroneously initially sued as Ocwen Financial Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and WESTERN PROGRESSIVE, LLC deny any allegations of wrongdoing, and state the following:

On or around December 20, 2006, Ocwen began servicing Plaintiff's loan, after the purported events at loan origination occurred in October and November, 2006. Shortly after initiating servicing on the loan, Plaintiff began missing payments on her loan.

Plaintiff was considered for a HAMP loan modification, but she failed to provide all of the requested information, and did not respond to Ocwen's letters requesting more information. Ultimately, Plaintiff was denied a HAMP modification on this basis on October 9, 2009.

Plaintiff then went into default on her loan, and in December, 2009, a Notice of Default was recorded as to Plaintiff's property. Plaintiff was then offered a loan modification package on April 30, 2010, but has not accepted it.

Plaintiff's claims all concern purported wrongdoing at loan origination, and do not offer any basis for holding Ocwen, MERS, or Western Progressive liable for conduct at a time when they had no involvement or interaction with Plaintiff. Ocwen is a loan servicer, and there is no wrongdoing concerning loan servicing in this case.

**C.    SERVICE OF PROCESS**

Defendant HOME LOANS DIRECT was served with the Second Amended Complaint on September 23, 2010. No response has been filed to date.

Plaintiff has been unable to effect service of the Second Amended Complaint on defendant FOX FIELDS FINANCIAL. Plaintiff filed a Declaration of Due Diligence regarding this defendant on October 13, 2010.

**D.    JOINDER OF ADDITIONAL PARTIES**

The parties do not anticipate the joinder of additional parties at this time.

### E. AMENDMENT OF PLEADINGS

Plaintiff filed a Second Amended Complaint on September 21, 2010. No further amendments are anticipated.

### F. JURISDICTION AND VENUE

Jurisdiction is proper in this Court because plaintiff's Complaint includes claims for Violation of the Truth in Lending Act, 15 United States Code Section 1601, *et seq.* and Violation of the Real Estate Settlement Procedures Act, 12 United States Code Section 2601, *et seq.* All of plaintiff's claims arise from the same controversies and series of events.

Plaintiff contends venue is proper in this Court. Defendants deny that venue is improper as to Defendant LODES which has its sole office in Orange County.

### G. ANTICIPATED MOTIONS

The parties anticipate that discovery motions and/or other motions including, but not limited to, motions in limine may be filed, depending upon how the case progresses. Defendant Jonathan Annett has a pending motion to dismiss and would like it ruled upon.

### H. ANTICIPATED DISCOVERY

The parties believe that discovery should be deferred pending the pleadings challenges and until such time as the pleadings are set. This approach will ensure that judicial resources and those of the parties are not directed toward claims and issues that will not be part of the case going forward. Discovery is to remain open until the judge selects an ending date.

### I. PROPOSED DISCOVERY PLAN

(1) All parties agree that the exchange of Initial Disclosures should be deferred until 30 days after the last defendant files an answer or responsive pleading to the then-operative complaint.

(2) The parties do not believe that phased discovery is needed.

(3) The parties do not currently foresee any discovery issues or disputes that require the Court's involvement. Should any such issue arise, the parties agree to work together in good faith to resolve the issue but will promptly submit any such issue to the Court for resolution if required.

(4) All parties agree that the limitation on discovery set by the federal and local rules should govern unless a party makes a showing that additional discovery is required and obtains an order from the Court approving such discovery.

**J.  SCHEDULING OF FURTHER PROCEEDINGS AND COMPLETION DATES**

The parties believe that any discovery plan and other issues, including the Federal Rules of Civil Procedure 26(f) conference should be continued in this matter until pleadings are closed.

**K.  APPROPRIATENESS OF SPECIAL PROCEDURES**

No special procedures are contemplated at this time.

**L.  JURY TRIAL DEMAND**

Jury has been demanded.

**M.  ESTIMATE OF TRIAL TIME**

The parties estimate a 4-5 day jury trial.

**N.  PROPOSED MODIFICATION TO STANDARD PRETRIAL PROCEEDINGS**

The parties do not currently anticipate any need to modify the standard pretrial procedures.

**O.  RELATED CASES**

No related matters.

**P.  SETTLEMENT**

The parties have entered into settlement negotiations and they are ongoing. Specifically,

6

JOINT STATUS REPORT REGARDING ADR

plaintiff has proposed a loan modification to defendant Ocwen. The parties do not consent to the trial judge or magistrate judge acting as settlement judge at this time.

### Q.  VOLUNTARY DISPUTE RESOLUTION PROGRAM

The parties are willing to participate in mediation, but believe that mediation will only be effective if it takes place after the pleadings are settled and discovery is underway. Defendants Ocwen, MERS, and Western Progressive will request that its decision maker appear telephonically, and that the mediation be limited in time.

### R.  COMPLEX LITIGATION

The case is not complex and does not require a reference to the procedures set forth in the Manual on Complex Litigation.

### S.  OTHER MATTERS THAT MAY BE CONDUCIVE TO THE JUST AND EXPEDITIOUS DISPOSITION OF THE MATTER

Plaintiff has complied with the court's order to meet with the Legal Aid Society of Orange County. Moreover, the documents from the legal Aid Society will be passed on to Counsel for Ocwen in pursuit of securing a loan modification for Plaintiff.

DATED: June 6, 2011         ABDALLAH LAW GROUP

                            /s/ Mitchell L. Abdallah
                            MITCHELL L. ABDALLAH
                            Attorneys for Plaintiff
                            LILLY MAE WASHINGTON

DATED: June 6, 2011         HOUSER & ALLISON, APC

                            /s/ Brent A. Kramer
                            BRENT A. KRAMER

|   |   |   |
|---|---|---|
| 1 |   | Attorneys for Defendants OCWEN LOAN SERVICING, LLC, erroneously initially sued as Ocwen Financial Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and WESTERN PROGRESSIVE, LLC |
| 2 |   |   |
| 3 |   |   |
| 4 |   |   |
| 5 | DATED: June 6, 2011 | OLSON LAW FIRM |

/s/ Shawn M. Olson

SHAWN M. OLSON
Attorney for Defendant Jonathan Annett
OLSON LAW FIRM
7372 Prince Drive, Suite 104
Huntington Beach, California  92647

Washington v. Home Loans Direct, et al. USDC, Central District of California, Case No. 2:09-CV-08213-DMG-RZ

## PROOF OF SERVICE

I, the undersigned, declare: I am a citizen of the United States and am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is 1006 4th Street, 4th Floor, Sacramento, California 95814.

On June 6, 2011, I served the foregoing document described as: **SUPPLEMENTAL JOINT STATUS REPORT FOR SCHEDULING CONFERENCE** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

For Defendants Lodes Capital and Nikki Hall:
**Fred S. Pardes, Esq.**
**Fred S. Pardes Law Offices**    fred@fredpardes.com
**34211 Pacific Coast Highway, Suite 103**
**Dana Point, California  92629**    (949) 443-3400  [fax 949-443-3601]

For Defendant Jonathan Annett:
**Shawn M. Olson, Esq.**
**Olson Law Firm**    Shawn@shawnolsonlaw.com
**7372 Prince Drive, Suite 104**
**Huntington Beach, California  92647**    (714) 847-2500  [fax 714-847-2550]

For Defendants Ocwen and MERS:
**Brent A. Kramer, Esq.**
**Houser & Allison**    bkramer@houser-law.com
**3760 Kilroy Airport Way, Suite 260**
**Long Beach, California  90806**    (949) 679-1111  [fax 949-679-1112]

( X )  **BY FACSIMILE** to the fax numbers above.

( X )  **BY ELECTRONIC MAIL** to the email addresses above.

(   )  **BY MAIL depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service the same day it is placed for collection in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 6, 2011, in Sacramento, California.

_____
Mitchell L. Abdallah

JOINT STATUS REPORT REGARDING ADR