UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 09-08213 DMG (RZx)** | Date | December 12, 2011 |
|---|---|---|---|

| Title | *Lillie Mae Washington v. American Home Loans, et al.* | Page | 1 of 4 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER EXTENDING TRO AND REQUIRING
SUPPLEMENTAL BRIEFING ON PLAINTIFF'S REQUEST FOR
PRELIMINARY INJUNCTION**

The Court requires additional information before it can rule on Plaintiff's request for preliminary injunction.  Accordingly, the parties shall address in supplemental briefs the following factual, legal, and procedural issues:

(1)    It appears from the evidence before the Court that Plaintiff is a signatory to the deed of trust and riders thereto but is not a signatory to the underlying note and addenda thereto.  If Plaintiff contends otherwise, she should submit the evidence on which she relies for her assertion that she was a co-borrower with Hobert Washington on the 2006 loan application.

(2)    What were the terms of the prior loan from Financial Freedom before Hobert Washington paid off that loan by refinancing with American Home Loans?

(3)    Hobert Washington's initial and final loan applications state that he was refinancing for the purpose of debt consolidation.  The applications list his liabilities as being only approximately $7,000 owed to various financial institutions.  Yet, the applications seek around $100,000 in cash back from the loan.  For what purpose did Hobert Washington intend to use the $100,000?

(4)    What documentation did Hobert Washington provide to Home Loans Direct or American Home Loans to verify his income or otherwise support his loan application?

(5)    What was Hobert Washington's FICO score or credit rating when he applied for the subject loan?

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 09-08213 DMG (RZx)** | Date | December 12, 2011 |
|---|---|---|---|

| Title | *Lillie Mae Washington v. American Home Loans, et al.* | Page | 2 of 4 |
|---|---|---|---|

(6)     Did Home Loans Direct and American Home Loans know that Hobert Washington had Alzheimer's disease when he executed the loan applications?  If so, how?  If not, how does Plaintiff intend to prove that these defendants exercised undue influence on Hobert Washington?

(7)     Was Hobert Washington's Alzheimer's disease so advanced at the time of the loan applications that he could be deemed mentally incompetent?

(8)     What was Hobert Washington's date of death?

(9)     Did Plaintiff and Hobert Washington own the property as joint tenants with right of survivorship?  If not, how did they hold title to the subject property?

(10)    What person(s) currently holds a legal or equitable interest in the subject property?

(11)    Are American Home Loans and/or HSBC Bank USA, N.A. necessary parties that must be joined if feasible under Federal Rule of Civil Procedure 19?  Why is American Home Loans no longer a defendant in this action and was it dismissed in compliance with Fed. R. Civ. P. 41?  Was American Home Loans ever properly served with the summons and complaint?

(12)    What are Plaintiff's legal bases for an injunction that would stop Defendants from foreclosing on the subject property, as opposed to her grounds for damages, restitution, or other forms of non-injunctive relief?

(13)    If Plaintiff seeks rescission or a declaration that Hobert Washington's loan contract with American Home Loans is void *ab initio*, by what specific means does Plaintiff propose to repay the funds extended under the loan?

(14)    Who is the current note holder on the subject property?

(15)    Is the current note holder a holder in due course such that it would not be liable under the predatory lending claim?  How are the current defendants liable for acts of the entities involved in the original loan transaction (i.e., Direct Home Loans and American Home Loans)?

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 09-08213 DMG (RZx)** | Date | December 12, 2011 |
|---|---|---|---|

| Title | *Lillie Mae Washington v. American Home Loans, et al.* | Page | 3 of 4 |
|---|---|---|---|

(16)   Why is the applicable statute of limitations for Plaintiff's predatory lending claim the one-year period in California Code of Civil Procedure section 340 rather than the catchall four-year period in section 343 or the three-year period for fraud in section 338?  Defendants rely on *Slipak v. Bank of America, N.A.*, No. 2:11–cv–01971–GEB–JFM, 2011 WL 5526445, at *8 (E.D. Cal. Nov. 14, 2011), which merely cites *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1128 (N.D. Cal. 2010), which in turn provides neither authority nor explanation.

(17)   To the extent Defendants contend that Plaintiff's claims are time-barred, why is equitable tolling not available during the time when Plaintiff was litigating in state court?

(18)   Given the Court's ruling on the TRO regarding the viability of Plaintiff's federal claims, should the Court dismiss the Second Amended Complaint and decline to exercise supplemental jurisdiction over the state law claims?

In addressing these issues, the parties shall provide evidentiary support for all factual assertions.  Plaintiff shall file her supplemental brief on or before **February 10, 2012**. Defendants shall file their supplemental brief on or before **February 17, 2012**.  The Court will issue a ruling on Plaintiff's request for a preliminary injunction as soon as possible thereafter if the parties are unable to informally resolve their dispute.  Defendants' motions to dismiss shall remain under submission pending the mediation process.[1]

Based upon the parties' statements at the hearing, the Court orders the parties to meet and confer regarding a date for a further loan modification mediation and any documents/information required for the mediation.  The parties shall contact the Alternative Dispute Resolution Program for the Central District of California at (213) 894-2993 to schedule a further mediation to take place by no later than **January 20, 2012**.  They shall cooperate with each other in exchanging documents and information in furtherance of the mediation process at least two weeks prior to the date of their mediation.

Because the Court cannot determine the merits of Plaintiff's request for a preliminary injunction on the present record, there is a high probability that Plaintiff will suffer irreparable harm if the Court's November 21, 2011 Temporary Restraining Order ("TRO") [Doc. # 131] is lifted,  and  the  balance  of  equities  tips  sharply  in  Plaintiff's  favor,  the  TRO  is  hereby

---

[1] The Court strikes footnote 3 of its November 21, 2011 order granting the TRO.  In its prior order filed on February 23, 2011, the Court accepted and deemed timely Plaintiff's opposition to defendants' motions to dismiss. [Doc. # 98.]

**CIVIL MINUTES—GENERAL**          Initials of Deputy Clerk vv

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 09-08213 DMG (RZx)** | Date | December 12, 2011 |
|---|---|---|---|

| Title | *Lillie Mae Washington v. American Home Loans, et al.* | Page | 4 of 4 |
|---|---|---|---|

**EXTENDED** until the parties exhaust their mediation efforts or the Court rules on the request for preliminary injunction.  The extension of the TRO is contingent on Plaintiff posting security in the amount of $1,700, in the form of a bond or other form approved by the Court, $850 by no later than **December 16, 2011**, and the remaining $850 by no later than **January 16, 2012**. Upon posting each installment of the required security, Plaintiff shall serve Defendants with notice thereof.[2]

**IT IS SO ORDERED.**

cc:  ADR Program
     Fiscal Section

---

[2] Plaintiff paid the initial $650 bond on November 22, 2011.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>vv</u> |
|---|---|---|